UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| CRUZ E. SANCHEZ, #73632 | § | |
| | § | |
| VS. | § | NO: 7:21-CV-41-DC |
| | § | |
| MIKE GRIFFIS, FNU MANCHA, | § | |
| FNU MCNEIL, V. DURHAM, I. | § | |
| GALVAN, FNU CARRASCO, FNU | § | |
| ESCAMILLA, FNU CASILLAS, FNU | § | |
| PAYNE | § | |

## DEFENDANTS' MOTION TO DISMISS

COME NOW MIKE GRIFFIS, EDDIE MANCHA, STEVEN MCNEILL, VANESSA DURHAM, ISRAEL GALVAN, FNU CARRASCO, FNU ESCAMILLA, FNU CASILLAS, and FNU PAYNE (collectively "Defendants") and file this Motion to Dismiss. By this motion, Defendants request the Court to dismiss with prejudice all claims filed by Plaintiff Cruz E. Sanchez, an inmate with the Ector County Detention Center, proceeding *pro se* and *in forma pauperis* ("Plaintiff") against Defendants. In support hereof, Defendants would respectfully show the Court as follows:

### I.
### SUMMARY

The Court should dismiss Plaintiff's complaint in its entirety. Plaintiff's allegations confirm that he cannot assert a claim for relief. Although proceeding *pro se*, Plaintiff is very familiar with this Court. To the undersigned's knowledge, Plaintiff currently has four pending lawsuits before this Court.[1] Here, Plaintiff sues Defendants based on an alleged use-of-force incident that occurred on January 20 to January 21, 2021, involving the use of pepper spray.

---

[1] *See* Cause No. 7:20-CV-208; Cause No. 7:20-CV-269; Cause No. 7:21-CV-43. Plaintiff also filed claims under cause number 7:20-cv-296, but those claims were dismissed.

Plaintiff's allegations establish that the use of force (two pepper spray incidents) were in direct response to Plaintiff's refusal to obey the Defendant officers' verbal directives. Plaintiff also fails to allege that he sustained any physical injuries from the encounters, underscoring the reasonableness of the force used, and Plaintiff's failure to assert a claim for relief.

Plaintiff also asserts claims against all "rank" officers for "supervisor" claims and/or a failure to investigate but fails to allege any facts to support the claims. To the extent Plaintiff asserts claims against Defendants in their official capacities (i.e., against Ector County), Plaintiff fails to identify any policy that is the moving force of the alleged violation. As such, Plaintiff's claims fail to state a claim for relief as a matter of law, making a dismissal based on the pleadings is proper.

## II.
## STANDARDS

### 1.     Motion to Dismiss

To survive a motion to dismiss on the pleadings, a complaint must provide enough facts to state a claim for relief that is plausible on its face. *Jebaco, Inc. v. Harrah's Operating Co.,* 587 F.3d 314, 318 (5th Cir. 2009). The complaint must allege more than "labels and conclusions," for example, "a formulaic recitation of the elements of a cause of action will not do," and, finally, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). A court is permitted, however, to rely on "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). For example, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of

matters of public record." *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir. 2007). Further, "[a] court may, however, take judicial notice of its own records or of those of inferior courts." *ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981).

### 2. Municipal Liability Under § 1983.

A municipality such as Ector County may be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). No vicarious liability exists under § 1983. *City of Canton v. Harris*, 489 U.S. 489 U.S. 378, 385 (1989) ("*Respondeat superior* or vicarious liability will not attach under § 1983.").

To establish a claim for relief, a plaintiff must show all elements of the "*Monell* test," that is: (1) an official policy (2) promulgated by the municipal policymaker (3) that was the moving force behind the violation of a constitutional right. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *see also James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009).

An official policy or custom is often defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*See Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). "[I]solated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Therefore, a plaintiff alleging a pattern under the second definition of official policy or custom must show "sufficiently numerous prior incidents" that are

both similar and specific, as opposed to only "isolated instances." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (quoting *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989)).

This standard is a stringent one and operates "to prevent a collapse of the municipal liability inquiry into a *respondeat superior* analysis." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 415 (1997)). "Municipal liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation." *Id.* (citing *City of Canton, Ohio v. Harris,* 489 U.S. 378, 391-92 (1989)). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404. A plaintiff meets the culpability showing ***only if*** the municipality promulgated a policy with deliberate indifference to the "known or obvious consequences" that constitutional violations would result. *Id.* at 407.

### 3. Use-Of-Force

To show an excessive force claim in violation of the Fourteenth Amendment Due Process Clause, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Objective reasonableness will depend on the facts and circumstances of each case, but the court may consider: (1) the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; (2) any effort made by the officer to temper or to limit the amount of force, the severity of the security problem at issue; the threat perceived by the officer; and whether the plaintiff was actively resisting. *Id.* "[I]t is impractical to draw a line between convicted prisoners and pretrial detainees for the purpose of maintaining jail security". *See*

*Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). As such, a pretrial detainee's claim for excessive force under the Fourteenth Amendment is largely analyzed under the same standards applied to convicted prisoners under the Eighth Amendment. *See Kitchen v. Dallas County, Texas,* 759 F.3d 468, 477 (5th Cir. 2014).

Officials are justified in using some degree of force "in a good-faith effort to maintain or restore discipline" where a prisoner refuses to cooperate with legitimate directives of an official. *Gonzales v. Rowe*, No. 5:20-CV-052-BQ, 2020 WL 4811005, at *3 (N.D. Tex. July 27, 2020) (finding "some degree of force" by officers was justified where inmate "refus[ed] to comply with the Officers' repeated orders to lie on the cell's floor" because "[d]isobeying orders poses a threat to the order and security of an institution") (citing *Minix v. Blevins*, Civil Action No. 6:06cv306, 2007 WL 1217883, at *24 (E.D. Tex. Apr. 23, 2007)); *Rios v. McBain*, No. Civ.A. 504CV84, 2005 WL 1026192, at *7 (E.D. Tex. Apr. 28, 2005) (noting that "open defiance of orders plainly poses a threat to the security of the institution, regardless of whether or not the defiance is emanating from within a locked cell"), *R. & R. adopted by* 2005 WL 1026192 (E.D. Tex. Apr. 28, 2005).

Further, to state a viable excessive force claim, "the plaintiff [must] have suffered at least some form of injury that is more than de minimis." *Galada v. Payne*, 421 F. App'x 460, 462 (5th Cir. 2011) (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (affirming dismissal on summary judgment of pretrial detainee's excessive force claim where he failed to allege he suffered any physical injury)); *see Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a push or shove that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)); *Vizcayno v. Michael Unit*, Civil Action No. 6:18cv440, 2020 WL 5536504, at *7–8 (E.D. Tex. July 26, 2020) (finding prisoner's

excessive force "claims lack[ed] an arguable basis in law" where he "suffered no physical injury that was greater than *de minimus*"), *R. & R. adopted by* 2020 WL 5534579 (E.D. Tex. Sept. 14, 2020).

## IV.
## ARGUMENTS AND AUTHORITIES

### 1. *Plaintiff's Claims Asserted Against Defendants in their Official Capacities Should be Dismissed*.

To the extent Plaintiff sues Defendants in their official capacities, these claims should be dismissed. These claims are "in all respects other than name, to be treated as a suit against the entity," here, Ector County, Texas. *See Kentucky v Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (lawsuit against official in his or her official capacity is "in all respects other than name, to be treated as a suit against the entity"). As such, the claims asserted against Defendant in his official capacity, if any, should be dismissed and the Court should analyze such claims as asserted against Ector County.

To state a claim against Ector County, Texas, Plaintiff must allege facts demonstrating that the County, as a policy maker, created an official policy or custom that was the moving force of the alleged violations. *See Hampton Co. Nat'l Surety, LLC v. Tunica Co.*, 543 F.3d 221, 227 (5th Cir. 2008). There is no vicarious liability under Section 1983. *See Monell v Dept. of Soc. Servs. Of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under [Section 1983] for an injury inflicted solely by its employees or agents.").

Dismissal is proper because Plaintiff's complaint fails to contain ***any*** facts demonstrating that the event was the result of an official custom or policy. *See, e.g.*, *Roque v. AT & T, Inc.*, 558 Fed. Appx. 480, 481 (5th Cir. 2014) (affirming 12(b)(6) dismissal where complaint "contains no facts showing that defendants violated" statutes at issue). Plaintiff "must *identify* the policy or

6

custom which allegedly caused the deprivation of his constitutional rights." *Pierron v. L.P.D.C.*, CV 16-01746, 2017 WL 4990551, at *2 (E.D. La. Feb. 9, 2017) (emphasis in original) (citing *Murray v. Town of Mansura,* 76 Fed. App'x 547, 549 (5th Cir.2003); *Treece v. Louisiana,* 74 Fed. App'x 315, 316 (5th Cir. 2003); *report and recommendation adopted*, CV 16-01746, 2017 WL 4919125 (E.D. La. Oct. 31, 2017). Instead, Plaintiff attempts, but fails, to assert claims pertaining to individual violations.

Plaintiff's complaint is devoid of facts demonstrating that use-of-force incident was the direct result of an official policy or custom. Plaintiff's claims against Ector County, if any, should be dismissed.

### 2. *Plaintiff's "Harsh Words" Claims Fail to State a Claim for Relief.*

Much of Plaintiff's complaint is devoted to developing claims centered around harsh words the Defendant officers allegedly directed towards Plaintiff on the night of the incident. This fails to state a claim for relief.

It is well settled that mere comments, harsh words, and teasing by prison staff does not violate the Eighth Amendment. *See Robertson v. Plano City*, 70 F.3d 21, 24 (5th Cir. 1995); *Bishop v. Arcuri*, No. 09-CA-751, 2010 WL 11484314, at *5 (W.D. Tex. May 17, 2010) ("Defendants' off-color comments, inappropriate expressions, and rude behavior, even if perceived as offensive or degrading, do not run afoul of the Constitution."). "Verbal harassment, without more, does not amount to a constitutional violation." *Ali v. Immigration & Customs Enf't*, 1:16-CV-037-BL, 2017 WL 4325785, at *7 (N.D. Tex. Aug. 29, 2017) (citing *Bender v. Brumley,* 1 F.3d 271, 274 n.4 (5th Cir. 1993)), *report and recommendation adopted*, 1:16-CV-037-C, 2017 WL 4296756 (N.D. Tex. Sept. 26, 2017). Further, "[m]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations." *Id.* (quoting

7

*McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir. 1983)). Even claims using derogative remarks, such as allegations of calling Plaintiff a "bitch", is insufficient to state a claim for relief. *Id.* (citing *Orange v. Ellis, et al.,* No. 08-224-JVP-DLD, 2009 WL 454253, at *3 (M.D. La. Feb. 23, 2009) for proposition that defendant calling Plaintiff "bitch", "rat", and a "snitch" was not sufficient to state a violation).

Plaintiff's claims based on the Defendant officers' alleged use of harsh words does not state a claim for relief. These claims should be dismissed.

### 3. *Plaintiff's Excessive Force Claims Should Be Dismissed.*

Plaintiff's excessive use of force claims for using pepper spray and allegedly being thrown on the ground in the padded cell should be dismissed. Plaintiff's allegations establish that the use of pepper spray was in response to Plaintiff's refusal to follow officer directives, and that he sustained no injury from the incident.

During the first pepper spray event, Plaintiff alleges that Corporal Payne, Escamilla, Carrasco, and Cassillas ordered Plaintiff to get on the ground. *See* Doc. No. 1, p. 7. Instead, Plaintiff "went to go sit down on his bunk", failing to comply with the officer's directives. *See* Doc. No. 1, p. 8. In response, the Defendant officers pepper sprayed Plaintiff, placed Plaintiff in handcuffs, and escorted him to a padded cell. Doc. No. 1, p. 8.

During the second pepper spray event, Plaintiff, again, establishes that he was refusing to obey the Defendant officers' directives. While in the padded cell, Plaintiff was ordered to change clothes, but he refused, which required the officers to physically strip Plaintiff of his clothes. Doc. No. 1, p. 8. Prior to encountering Plaintiff, Defendant Escamilla pepper sprayed Plaintiff, and then physically engaged Plaintiff to remove his clothes. See Doc. No. 1, p. 8-9 ("Defendants Escamilla, Carrasco, Cassilles, came into padded cell to strip Plaintiff of his personal clothes to wash them.

8

Plaintiff told Defendants that he would wash his own clothes . . . Defendant Escamilla then pepper sprayed Plaintiff for a second time that night and tackled Plaintiff to the ground to strip him of his clothes . . ." (corrections and alterations made)).

Plaintiff's actions, as alleged by Plaintiff, justified the Defendant officers in using some force to obtain compliance. *See, e.g.*, *Velazquez v. Baker*, 5:20-CV-078-BQ, 2021 WL 812505, at *5–6 (N.D. Tex. Jan. 28, 2021), *report and recommendation adopted*, 5:20-CV-00078-H, 2021 WL 808738 (N.D. Tex. Mar. 3, 2021). Courts generally view a limited application of chemical spray as a moderate use of force against an inmate, something that is particularly appropriate to control an inmate failing to comply with orders. *See, e.g.*, *Tennyson v. Villarreal*, 801 F. App'x 295, 296 (5th Cir. 2020) (finding that force used to subdue a pretrial detainee and handcuff him was objectively reasonable because the detainee refused to comply with an order and the detention officers were attempting to diffuse a disruptive situation involving at least eight non-compliant detainees).

Plaintiff's complaint also fails to contain any allegations that he sustained any injury, whether from the use of pepper spray or the fall to the ground in the padded cell. Again, to state a viable excessive force claim, "the plaintiff [must] have suffered at least some form of injury that is more than de minimis." *Galada v. Payne*, 421 F. App'x 460, 462 (5th Cir. 2011) (citing *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (affirming dismissal on summary judgment of pretrial detainee's excessive force claim where he failed to allege he suffered any physical injury)). Further, "[n]umerous courts have found that being tased and/or pepper sprayed, without some long-term effect, is no more than a *de minimus* injury." *Martinez v. Nueces County, Tex.*, 2:13-CV-178, 2015 WL 65200, at *10 (S.D. Tex. Jan. 5, 2015) (citing cases), *aff'd sub nom. Martinez v. Day*, 639 Fed. Appx. 278 (5th Cir. 2016), *as revised* (May 12, 2016). Plaintiff's failure to allege

*any* long-term affect or physical injury confirms that use of force was not excessive under the circumstances as alleged by Plaintiff. The Court should dismiss the excessive force claims in their entirety.

### 4. *Plaintiff's Claims for Compensatory Damages Should Be Dismissed.*

The Court should dismiss Plaintiff's claims for compensatory damages. Plaintiff does not assert that he sustained any physical injury from Defendants' conduct. This bars recovery of any compensatory damages for emotional or mental injuries. *See Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir.2005). "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C.A. § 1997e (West).[2] The Court should dismiss those claims for relief.

### 5. *Plaintiff's Access to the Courts Claims Should Be Dismissed.*

Plaintiff alleges that on January 20, 2021, Defendants Carrasco, Escamilla, and Cassilas refused a tablet for Plaintiff to perform legal research for one of his pending cases. Doc. No. 1, p. 7 (referencing Cause Number 7:20-CV-269). To the extent Plaintiff intends this to assert a claim relating to his rights to access to the courts, this should be dismissed.

Generally, prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977). "This right of access for prisoners is not unlimited, however; rather, it encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions

---

[2] "While Hutchins is certainly barred from recovering any compensatory damages in the absence of physical injury, we hold today that Hutchins may recover nominal or punitive damages, despite § 1997e(e), if he can successfully prove that McDaniels violated his Fourth Amendment rights." *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007)

10

of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997) (*quoting* Lewis, 518 U.S. at 356). To establish a violation of the right to access to the courts, a prisoner must show that the conditions at the facility failed to provide him with a reasonable opportunity to research his claim and failed to assist him in preparing meaningful legal papers. *Bounds*, 430 U.S. at 828. Additionally, prisoners must demonstrate actual injury to show that their right of access to the courts was denied. *See Lewis*, 518 U.S. 348-52. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense. That would be the precise analogue of the healthy inmate claiming a constitutional violation because of the inadequacy of the prison infirmary." *Id.* at 351.

Here, Plaintiff's allegations fail to establish any relief. Since January 20, 2021, Plaintiff has filed two additional lawsuits, including this one, demonstrating that he has been able to continue to assert claims for relief.[3] Plaintiff fails to state any facts demonstrating how the refusal of a tablet for legal research harmed his ability to prosecute the referenced claims pending in Cause Number 7:20-CV-269. To the contrary, Plaintiff has been "prodigiously filing papers" in that case, and, with respect to "his access to the law library," he has sought and obtained extensions to file required documents. *See* 7:20-CV-269, Doc. No 67, p. 2-3. Plaintiff's access to the courts claim should be denied.

### 6. *Plaintiff's "Supervisor Claims", if any, Should be Dismissed.*

Plaintiff appears to assert claims against Mike Griffis, Eddie Mancha, Steven McNeill, Vanessa Durham, and Israel Galvan in their roles as supervisors of the Ector County Detention Center. See Doc. No. 1, p. 4). Plaintiff's allegations, however, confirm that none of these officers

---

[3] Defendants respectfully request the Court to take judicial notice of Plaintiff's claims pending in Cause Numbers 7:20-CV-269 and 7:21-cv-43.

were involved in the incident that is the subject of this claim. Doc. No. 1, p. 5-10. This fails to support a claim for relief.

To establish liability against a supervisor, "a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003). "Allegations of negligent failure to supervise do not state a claim under § 1983." *Jenkins v. Lynaugh*, 981 F.2d 1256 (5th Cir. 1992). Likewise, "[t]here is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006). Rather, supervisors can be held liable only for their *own* conduct. *See, e.g.*, *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) ("[A] plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation.").

As demonstrated by Plaintiff's allegations, none of these supervisor defendants were *personally* involved in the January 20-21, 2021 incident. Plaintiff's allegations also fail to establish that these defendants were aware of a constitutional violation and had a reasonable opportunity to intervene. *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995); *Zantiz v. Seal*, 2013 WL 6834369, at *6 (E.D. La. Dec. 26, 2013) (citing *Elliot v. Linnell*, 269 Fed. App'x. 450, 451 (5th Cir. 2008)); *see also Harmon v. Nguyen*, 2016 WL 750923, at *4 (N.D. Tex. Feb. 4, 2016) (citing *Peavy v. Dallas Indep. Sch. Dist.*, 57 F. Supp. 2d 382, 390 n.4 (N.D. Tex. 1999)). These defendants cannot be held responsible for any alleged violation merely because they may have a supervisory role with the detention center. Plaintiff's allegations fail to state a claim for relief.

### 7. *Plaintiff's Failure to Investigate Claims Should be Dismissed.*

To the extent Plaintiff asserts claims against Mike Griffis, Eddie Mancha, Steven McNeill, Vanessa Durham, and Israel Galvan for an alleged failure to properly investigate the January 20-21, 2021 incident, this too fails to state a claim for relief. Inmates do not have a constitutionally protected interest in having their grievances investigated or investigated to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction."); *Taylor v. Cockrell*, 92 Fed. Appx. 77, 78 (5th Cir. 2004) (citing cases for the proposition that failure to investigate grievances falls short of establishing a federal claim). Plaintiff also has no constitutional right to have an inmate or officer criminally prosecuted. *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990); *Carter v. Maxwell,* No. 07-CV-1254, 2007 WL 2963665, at * 1 (W.D. La. Sept.27, 2007) (Report and Recommendation, adopted by Judgment [6] dated October 9, 2007) (dismissing plaintiff's claim as frivolous, reasoning that the "Plaintiff has no constitutional right to have someone criminally prosecuted.... Therefore, the alleged actions, or inaction, of the named defendants did not infringe upon any legally recognized right belonging to Plaintiff"). This fails to state a claim as a matter of law.

### 8. *Plaintiff's State Law Tort Claims, If Any, Should Be Dismissed.*

To the extent Plaintiff asserts state law tort claims against Defendants, these claims should be dismissed. Plaintiff sues both Ector County and its officers for allegedly assaulting Plaintiff through an act of alleged excessive force. *See* Doc. No. 1. "[A]ny tort claim against the government is brought 'under' the [Texas Tort Claims] Act for purposes of section 101.106, even if the Act does not waive immunity." *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011). Where "a suit is filed under this chapter [Tex. Civ. Prac. & Rem. Code § 101.106] against both a

governmental unit and any of its employees, the employees *shall immediately be dismissed* on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e) (emphasis added). *University of Tex. Health Sci. Ctr. v. Rios*, 542 S.W. 3d. 530, 532 (Tex. 2017) ("[I]f the Plaintiff…sues both employer and employee, Section 101.106(e) requires that the employee 'immediately be dismissed on the employer's motion'"). Texas law does not allow a plaintiff to cure or change an election once the election of remedies is made. *See, e.g.*, *City of Webster v. Myers*, 360 S.W.3d 51, 58 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (holding that the original pleading, and not an amended pleading, is examined to determine whether claims are dismissed under section 101.106(e)); *id.* at n.4 (citing *Villasan v. O'Rourke,* 166 S.W.3d 752, 762 (Tex. App.—Beaumont 2005, pet. denied), for the proposition that "amending [a] petition does not avoid mandatory language of section 101.106(e) when dismissal of [a] government employee is appropriate based on [the] original petition").

To the extent Plaintiff asserts state law tort claims, such claims have been alleged against both Ector County and its employees for the same acts.[4] When a plaintiff sues both the governmental unit and the employee for the same act, the claim becomes subject to the election of remedies provision of the Texas Tort Claims Act. *See Koseoglu*, 233 S.W.3d at 844. Ector County (and to the extent applicable, the individual defendants in their official capacities) move to dismiss all state law claims asserted against the individual defendants in their individual capacities. As such, the state law claims against the individual defendants are barred and must be dismissed. Tex. Civ. Prac. & Rem. Code § 101.106(e).

---

[4] A plaintiff suing under Texas law may sue a government employee in his or her official capacity, individual capacity, or both. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 373 n. 7 (Tex. 2009). Tort claims asserted against a government employee in the employee's official capacity is a suit against the governmental entity, here, Ector County. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007).

To the extent any state law tort claims remain as to Ector County, these claims should be dismissed. Ector County is not subject to suit under state law absent a waiver of immunity. *See Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W. 3d. 653, 655 (Tex. 2008). While the Texas Tort Claims Act provides a limited waiver of immunity for certain tort claims, see, e.g., Tex. Civ. Prac. Rem Code § 101.021, that limited waiver of immunity does not apply to claims arising out of assault, battery, or other intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057.

Plaintiff's excessive force claim is one for assault or battery, claims for which there is no waiver of immunity. *See, e.g.*, *City of Watauga v. Gordon*, 434 S.W.3d 586, 593–94 (Tex. 2014) (internal citations and quotations omitted) (holding that "a police officer's mistaken or accidental use of more force than reasonably necessary to make an arrest still "arises out of" the battery claim"). Plaintiff fails to allege facts that his injuries resulted from the use of a motor vehicle or from a condition or use of property. In short, Plaintiff fails to establish that his claims fall under one of the enumerated exceptions to the Tort Claims Act. As such, there is no waiver of immunity for such claim. Moreover, Texas law has no statutory equivalent to a claim asserted 42 U.S.C. § 1983. *See, e.g.*, *Harris County v. Going*, 896 S.W.2d 305, 309 (Tex. App.—Houston [1st Dist.] 1995, writ denied). As such, Plaintiff's state law tort claims asserted against Defendants, if any, should be dismissed.

### 9. *Dismissal Is Proper Under 28 U.S.C. § 1915(e).*

The Court should dismiss Plaintiff's claims as frivolous. Plaintiff is pursuing his claims under an order granting Plaintiff's application to proceed *In Forma Pauperis*, a dismissal is proper under the Prisoner Litigation Reform Act under Title 28 U.S.C. § 1915(e) ("Section 1915(e)"). *See* Doc. No. 23. Under Section 1915, a court is not bound to accept without question the truth of the plaintiff's allegations, affording the court the unusual power to pierce the veil of the

complainant's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). Dismissal of a claim as frivolous under Section 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Brewster*, 587 F.3d at 767-68 (holding dismissal as frivolous appropriate after the plaintiff is given an opportunity to amend or allege additional facts through answers to a post-complaint questionnaire). For each of the reasons described above, Plaintiff's claims asserted against Defendants is without basis.

## IV.
## CONCLUSION

For each of the reasons stated herein, the Court should grant Defendants' Motion to Dismiss and dismiss each of Plaintiff's claims asserted against Defendants with prejudice. Defendants request for such and further relief, in law and in equity, both general and specific, to which they may show themselves to be justly entitled.

Respectfully Submitted,

By:   /s/ *R. Layne Rouse*
      R. LAYNE ROUSE
      State Bar No. 24066007
      lrouse@shaferfirm.com

**SHAFER, DAVIS, O'LEARY & STOKER**
P.O. Drawer 1552
Odessa, TX 79760-1552
Telephone: (432) 332-0893
Facsimile: (432) 333-5002

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document is being served on this 26th day of April, 2021, to complainant in accordance with Federal law.

                                                    /s/ R. L*ayne Rouse*
                                                    R. Layne Rouse